# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

KIMBERLY FREEMAN,

    Plaintiff,

    v.                                       Case No. 2:19-cv-5636
                                                Judge George C. Smith
                                                Magistrate Judge Chelsey M. Vascura

BIRD RIDES, INC.,

    Defendant.

## ORDER and REPORT AND RECOMMENDATION

    Plaintiff, Kimberly Freeman, an Ohio resident proceeding without the assistance of counsel, has submitted a request to file a civil action *in forma pauperis*. (ECF No. 2.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

    This matter is also before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) **WITHOUT PREJUDICE** to filing the state-law claims in state court. Plaintiff's Motion to Stay (ECF No. 1) is **DENIED AS MOOT**.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>     \*      \*      \*
>
>     (B) the action or appeal--
>
>         (i) is frivolous or malicious;
>
>         (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

Further, to properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual

demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank* , 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

Plaintiff's Complaint lacks clarity. As best as the Court can discern, Plaintiff entered into a contract with Defendant, Bird Rides, Inc., whereby she agreed to collect, charge, and release their electric scooters. She alleges that she asked Defendant that she be released from her "task

3

list" between December 17, 2019, through December 21, 2019. (Pl.'s Compl. 2, ECF No. 2-2 at PAGEID # 12.) Apparently, Defendant did not release her of her obligations, which upset her son because "[h]e wanted to Uber," and left Plaintiff completing the task herself. (*Id.*)

Plaintiff also references a December 10, 2019 demand letter, which she attaches to her Complaint, in which she writes Defendant to inform it that she was unable to find a release site and that as a consequence, she had stored thirty-one scooters in her garage for 14 days without compensation. Plaintiff also expresses in that letter her belief that her storage of the scooters transformed her into an employee such that she is also owed lost wages, all of which causes her emotional distress. Finally, she demands that Defendant pay her $75,000 or be subject to litigation.

Plaintiff also attaches what appear to be screen shots of text messages between herself and a representative with Defendant. That representative asks Plaintiff to take the bikes to a "nest" and text a picture showing she has done so. (ECF No. 2-3 at PAGEID # 25.) Plaintiff responds that her son wants to Uber and informs the representative that he or she is "asking [her] to turn . . . around [and] break my son's heart again." (*Id*. at PAGEID # 26.) The representative responds, "[n]o problem," and asks Plaintiff to let her know when she drops them off. (*Id*. at PAGEID # 27.) Plaintiff then responds with several pages of texts discussing how upset she is about having to work around Christmas and how she will have to fight to get paid for storing Defendant's scooters.

Under a section entitled "Relief summary" in her Complaint, Plaintiff requests that she be paid $3000 for storing the scooters in her garage and apparently under her theory that keeping the scooters stored in her garage transforms her into an employee, seeks hourly and overtime wage for every single hour the bikes spent in her garage, which she calculates to be $14,420.

She also seeks the $700 she paid to LetterDash for the demand letter, $93 for "amount owed," liquidated damages in the amount of $180, and punitive damages and "malicious intent" damages in the amount of $110,000.

### III.

Plaintiff's allegations fail to provide a basis for a claim over which this Court has jurisdiction. "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). Federal-question jurisdiction is invoked when a plaintiff pleads a claim "arising under" the federal laws or the United States Constitution. *Id.* (citation omitted). For a federal court to have diversity jurisdiction pursuant to § 1332(a), there must be complete diversity, which means that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Federal Rule of Civil Procedure 8(a)(1) requires a pleading to contain "a short plain statement of the grounds for jurisdiction." Fed. R. Civ. P. 8(a)(2). Thus, "a plaintiff seeking diversity jurisdiction [must] set forth the factual basis on which that jurisdiction is predicated." *Farmer v. Fisher*, 386 F. App'x 554, 556 (6th Cir. 2010); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ( "[I]t is to be presumed that a cause lies outside [the Court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."). Although this pleading standard does not require "'detailed factual allegations,' a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

In the instant case, it appears that Plaintiff seeks to have this Court exercise diversity jurisdiction under § 1332(a) in light of the fact that she brings only state-law claims. Even assuming that the parties are diverse, Plaintiff's allegations are insufficient to support diversity jurisdiction because she has not plausibly alleged that the amount in controversy exceeds $75,000. Plaintiff failed to attach her contract with Defendant, and the Court cannot discern from the Complaint whether Plaintiff was contractually obligated to store Defendant's scooters for any length of time. But even assuming Plaintiff's demand of $3,000 for storing the scooters is reasonable, she has failed to plausibly allege facts upon which the Court could rely to conclude that she is owed an additional $72,000. In particular, Plaintiff has failed to plausibly allege facts from which the Court could in infer that she was, as she alleges, transformed into an employee and owed an hourly wage and overtime for every hour she stored Defendant's scooters in her garage to the tune of $14,420 for the 30 days. Nor has Plaintiff alleged facts upon which the Court could rely to conclude that she can recover punitive damages for storing the scooters in her garage. *See Preston v. Murty*, 32 Ohio St. 3d 334, 334–35 (1987) (punitive damages may be awarded in tort actions which involve fraud, malice, or insult).

In summary, because Plaintiff has failed to plausibly allege facts upon which this Court could rely to conclude that the requisite amount in controversy is satisfied, it is **RECOMMENDED** that the Court **DISMISS** this action for failure to assert any claim over which this Court has subject matter jurisdiction **WITHOUT PREJUDICE** to filing the state-law claims in state court.

## IV.

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 2) is **GRANTED**. For the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's

Complaint pursuant to 28 U.S.C. § 1915(e)(2) **WITHOUT PREJUDICE** to filing the state-law claims in state court. Plaintiff's Motion to Stay (ECF No. 1) is **DENIED AS MOOT**.

**PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    **IT IS SO ORDERED.**

    /s/ *Chelsey M. Vascura*
    CHELSEY M. VASCURA
    UNITED STATES MAGISTRATE JUDGE